IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNY ROBERTS,<br>　　Plaintiff | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO._____ |
| DEPUTY SHERIFF BIFF KNIGHT,<br>DEPUTY SHERIFF SCOTT CARSON,<br>SHERIFF TOMMY GAGE,<br>MONTGOMERY COUNTY, TEXAS AND<br>CHIP JACKSON d/b/a TAILGATORS<br>PUB AND GRILL<br>　　Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§ | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR JURY**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, JENNY ROBERTS**, hereinafter referred to as "Plaintiff" in the above-entitled and numbered cause, complaining of **DEPUTY SHERIFF BIFF KNIGHT, DEPUTY SHERIFF SCOTT CARSON, SHERIFF TOMMY GAGE, MONTGOMERY COUNTY, TEXAS AND CHIP JACKSON d/b/a TAILGATORS PUB AND GRILL,** (hereinafter referred to as "Defendants"), and for cause of action would respectfully show the Honorable Court and Jury the following:

A. DESCRIPTION OF ACTION

1.   This is a civil action seeking damages against Defendants for committing acts, under color of state law, which deprived Plaintiff's rights secured under the Fourth Amendment to the Constitution and laws of the United States; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff. A negligence claim is also brought against Chip Jackson d/b/a Tailgators Pub and Grill.

## B. JURISDICTION AND VENUE

2. This Court has jurisdiction of this matter pursuant to 42 U.S.C. §1983. In addition, the court has pendent jurisdiction over Plaintiff's State law claims. Venue is proper in this district since all Defendants reside in this district, and the acts giving rise to this action occurred within this district.

## C. PARTIES AND SERVICE

3. Plaintiff is a resident of Montgomery County, Texas.

4. At all times relevant hereto, Defendant Deputy Sheriff Biff Knight, (hereinafter "Knight") and Deputy Sheriff Scott Carson, (hereinafter referred to as "Carson"), were law enforcement officers for the Montgomery County, Texas Sheriff's Office and, in that capacity, acted under the color of law. Defendants Knight and Carson may be served with process by serving them at the Montgomery County Sheriff's Office, #1 Criminal Justice Drive, Conroe, Texas 77301. These Defendants are named in their individual capacities herein.

5. Defendant Montgomery County, Texas is a county in Texas and summons may be served upon the County Judge, Alan B. Sadler, 501 North Thompson, Conroe, Texas 77301.

6. Sheriff Tommy Gage was at all pertinent times the elected Sheriff of Montgomery County, Texas, and had final policymaking authority for law enforcement matters involving the Sheriff's Office in Montgomery County. Sheriff Gage is named herein in his individual capacity and may be served with summons at the Montgomery County Sheriff's Office, #1 Criminal Justice Drive, Conroe, Texas 77301.

7. Defendant Chip Jackson d/b/a Tailgators Pub & Grill is a resident of the Woodlands, Texas. He can be served with process at 8000 Highway 242, Suite 125, The Woodlands, Texas 77385 or 33418 Egypt Lane, Suite L, Magnolia, Texas 77354.

**D. FACTUAL BACKGROUND**

8.     On July 16, 2010, while on duty and in uniform as Montgomery County Sheriff's Deputies, Defendants Knight and Carson used excessive force when they arrested Plaintiff, an unarmed woman, who was sitting in her vehicle outside Tailgators Pub and Grill located in Conroe, Montgomery County, Texas. At all times Defendants Knight and Carson were acting under color of law and in their capacity as Deputy Sheriffs for Montgomery County, Texas. Plaintiff was sitting in her vehicle and posed no threat or danger to herself or others.  She was taking no action which constituted a criminal act. Thus, a reasonable officer could not have believed there was probable cause to arrest Plaintiff. Indeed, the minor charges which were brought against Plaintiff by the Defendants were later dropped.  Although Plaintiff was unarmed, sitting in her vehicle, taking no action which would be perceived as threatening to Defendants and posed no threat to Defendants Knight and Carson, Defendants Knight and Carson pulled Plaintiff from her vehicle and, after dragging her away from the view of a surveillance video camera, slammed her head into the concrete thereby causing Plaintiff permanent brain damage. Plaintiff is and was a woman of slight build who could easily have been detained by properly trained officers using standard physical tactics.  This action by Defendants Knight and Carson constituted a violation of Plaintiff's constitutional rights to be free from unreasonable seizures under the Fourth Amendment to the U.S. Constitution.  By acting in concert with one another and by tacit agreement, Defendants Knight and Carson further conspired to deprive Plaintiff of her Constitutional rights under the Fourth Amendment.

9.     Defendants Knight and Carson acted pursuant to a policy, custom and/or practice of the Defendant Montgomery County promulgated by Defendant Sheriff Gage which ignored, allowed, and therefore condoned unnecessary and excessive force to be used in the apprehension

and arrest of Plaintiff.  Sheriff Gage and his subordinate supervisors in the Sheriff's Office were aware of repeated incidents of use of excessive force and of complaints of excessive force by deputies under Sheriff Gage's command.  The incidents of force were ignored with no discipline or remedial training occurring. Complaints of excessive force were either ignored or "investigated" in such a manner as to insure the complaints were not sustained.  In particular, on or about May 16, 2009, Montgomery County Sheriff's Deputies used excessive force upon one Richard Harvey who believed he was having a heart attack.  Deputies arrested Mr. Harvey, causing injuries which later required abdominal surgery and slowly transported him to a hospital. Minor criminal charges against Mr. Harvey were dropped. No effective corrective action occurred in response to Mr. Harvey's complaint.  Further, on December 13, 2005, a Montgomery County Sheriff's Deputy shot and killed one Richard Davis without justification. On information and belief, no corrective action was taken in response to this unlawful killing.  Further, on or about April 5, 2003, Montgomery County Sheriff's Deputies assaulted without legal justification and caused serious injury to a Ms. Schelsteder while arresting her husband, a former county constable.  Again, on information and belief, no corrective action was taken.   Further, on September 25, 2009, one Ricky Lankford was subjected to excessive force by two Montgomery County deputies which caused a broken arm and other injuries.  After the minor (public intoxication) charge was dismissed (as occurred in the instant case), no corrective action on information and belief was taken as to the deputies.  On information and belief, other incidents of excessive force by Montgomery County Sheriff's Deputies have occurred which were ignored by Sheriff Gage and supervisors under his command. On information and belief, other complaints of excessive force were either ignored or afforded such a cursory "investigation" so as to insure no findings of excessive force resulted.  These occurrences and actions constitute a

practice and custom of ignoring and/or condoning uses of excessive force by Montgomery County Deputies under the command of Sheriff Gage such that Sheriff Gage has been deliberately indifferent to the rights of citizens with which his deputies will come into contact. Such a practice and custom clearly notifies officers that they may apply excessive force upon citizens with impunity as no corrective or disciplinary action is likely. Further, the failure to address known propensities of officers to engage in excessive force constitutes a failure to properly train (or re-train) officers which amounts to deliberate indifference to the rights of citizens with which officers will contact. The failure to correct and discipline known instances of excessive force further constitutes deliberate indifference in the supervision of officers. All of the above practices and customs, coupled with the knowing deliberate indifference of Sheriff Gage, constitute a practice and custom of permitting excessive force by deputies which was the direct cause and moving force of the deprivation of Plaintiff's right to be free from excessive force under the unreasonable seizure clause of the Fourth Amendment.

10.     As a result of the unwarranted use of excessive force, Plaintiff suffered a concussion, permanent brain damage as well as injuries to her whole body.

11.     At all times relevant hereto, Defendants Knight and Carson were employed by the Montgomery County, Texas Sheriff's Department, and were acting under color of state law. Defendants Knight and Carson intentionally, knowingly, recklessly and/or with deliberate indifference to the rights of Plaintiff, pulled Plaintiff from her vehicle and slammed her head into the concrete parking lot thereby causing Plaintiff to suffer a concussion, permanent brain damage as well as injuries to her body as a whole. Plaintiff, therefore, sues Defendants Knight and Carson in their individual capacities.

12.     Alternatively, at all times Defendants Knight and Carson were acting under the direction and control of Defendant Montgomery County, and Defendant Sheriff Gage who was responsible for making policy for law enforcement activity of the Montgomery County, Texas, Sheriff's Office, its officers and operations.  Defendants Knight and Carson were acting pursuant to the policy, practice, custom, and usage of Montgomery County, Texas Sheriff's Office.

13.     Alternatively and acting under color of law, by and through the policy makers of the Defendant Montgomery County, and pursuant to official policy or custom and practice, the Defendants Montgomery County intentionally, knowingly, recklessly or with deliberate indifference to the rights of the inhabitants of Montgomery County, Texas, and Sheriff Gage failed to instruct, supervise, control and/or discipline, on a continuing basis, Defendants Knight and Carson (as well as other Deputies and employees of the Sheriff's Office) in their performance of their duties, and to refrain from (a) unlawfully and maliciously arresting, imprisoning, and/or charging an individual with a criminal offense who was acting in accordance with his/her constitutional and statutory rights, privileges, and immunities; (b) unlawfully and maliciously using unreasonable and excessive force before, during, and after the making of an arrest, whether the arrest was lawful or unlawful; (c) conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States; and (d) otherwise depriving Plaintiff of her constitutional and statutory rights, privileges, and immunities.

14.     Defendant Montgomery County, Texas, and Sheriff Gage directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Knight and Carson heretofore described.

15.     Alternatively, Defendant Chip Jackson d/b/a Tailgators Pub & Grill hired, supervised and employed Defendants Knight and Carson to serve as security guards. Within the course and scope of their employment with Chip Jackson, Defendants Knight and Carson negligently arrested and injured Plaintiff. This negligence proximately caused Plaintiff's injuries and damages.

### E. CAUSES OF ACTION

16.     Plaintiff sues all Defendants named herein pursuant to 42 U.S.C. §1983 for deprivation of her right to be free from arrest without probable cause under the Fourth Amendment to the U.S. Constitution made applicable to Defendants by the Fourteenth Amendment to the U.S. Constitution.

17.     Plaintiff sues all Defendants named herein pursuant to 42 U.S.C. §1983 for deprivation of her right to be free from excessive force under the Fourth Amendment to the U.S. Constitution made applicable to Defendants by the Fourteenth Amendment to the U.S. Constitution.

18.     Plaintiff sues Defendants Knight and Carson pursuant to 42 U.S.C. §1983 for conspiracy to deprive her of her right to be free from excessive force under the Fourth Amendment to the U.S. Constitution made applicable to Defendants by the Fourteenth Amendment to the U.S. Constitution.

19.     Plaintiff sues Defendants Knight and Carson pursuant to 42 U.S.C. §1983 for conspiracy to deprive her of her right to be free from arrest without probable cause under the Fourth Amendment to the U.S. Constitution made applicable to Defendants by the Fourteenth Amendment to the U.S. Constitution.

### F. PENDENT STATE CLAIMS

20. Paragraph 15 is incorporated herein. Plaintiff would show that the acts and omissions of Chip Jackson d/b/a Tailgators Pub and Grill and Defendants Knight and Carson were negligent and a direct and proximate cause of Plaintiff's injuries and damages.

### G. DAMAGES

21. Paragraphs 1-15 are incorporated herein as though fully set forth herein.

22. As a direct and proximate result of the acts and omissions outlined above, Plaintiff has been significantly and permanently injured and damaged. Plaintiff seeks to recover both past and future pain and mental anguish, pain and suffering, medical bills, disfigurement, physical impairment, embarrassment and loss of earning capacity. Plaintiff further seeks recovery of criminal attorney fees incurred due to the false arrest by Defendants.

23. Plaintiff would show that the actions and omissions of Defendants Gage, Knight, Carson were done with callous indifference to the rights of Plaintiff or in reckless disregard of such rights. Plaintiff claims compensatory and punitive damages in an amount deemed sufficient by the trier of fact as to these Defendants.

24. For such damages, Plaintiff prays for judgment of this Court.

### H. ATTORNEY'S FEES

25. Plaintiff, with regard to her cause of action stated under 42 U.S.C. §1983, has retained the services of the undersigned attorneys. Plaintiff, upon prevailing on such claim, claims entitlement to an award of reasonable attorney's fees over and against the Defendants pursuant to 42 U.S.C. §1988.

### I. JURY DEMAND

26. Plaintiff respectfully requests a trial by jury.

## J. PRAYER

27. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Honorable Court, after final trial of this cause, grant judgment in favor of Plaintiff and against the Defendants for her compensatory and actual damages; punitive damages; attorney's fees; costs of Court; pre-judgment interest and post-judgment interest as may be allowed; and such other and further relief, at law or in equity, to which Plaintiff may show herself justly entitled, and for which she will ever pray.

Respectfully submitted,

*/S/ Edwin E. Wright, III*

**EDWIN E. WRIGHT, III**
State Bar No. 22069500
**WRIGHT & TOLES**
Abrams Centre
9330 LBJ Freeway
Suite 1400
Dallas, Texas 75243
Tel: (972) 231-6001
Fax: (972) 231-9150
E-mail: wright@edwright.com

**ATTORNEYS FOR PLAINTIFF**